UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-03704 (UNA) |
| ) | |
| MARK PELLEGRINO TRUST, ) | |
| *Registered owner of PELLEGRINO,* ) | |
| *MARK corp. sole, Beneficial Owner* ) | |
| *1st Lien Holder of PELLEGRINO,* ) | |
| *MARK Estate* ) | |
| *d/b/a Mark Pellegrino* ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

This matter is before the court on its initial review of defendant, "Mark Pellegrino Trust, Registered Owner of Pellegrino, Mark, corp. sole, Beneficial Owner 1st Lien Holder of Pellegrino Mark Estate d/b/a Mark Pellegrino's" purported *pro se* notice of removal, ECF No. 1, and amended notice or removal, ECF No. 5. Mr. Pellegrino has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, a motion to expedite, ECF No. 3, and a motion for protective order, ECF No. 4. For the reasons explained below, the court will dismiss this matter and deny the pending motions.

Mr. Pellegrino's submissions are prolix, lengthy, disorganized, and extremely difficult to follow. Additionally, they are misleading. Per the documents he has submitted, Mr. Pellegrino was a defendant in criminal matters already prosecuted in the City Court of Buffalo, New York, Case Nos. CR-04408-21; CR-04181-21. He now, on behalf of his own "trust" and "estate," attempts to sue numerous parties involved with those criminal matters, arising from his disagreement over property that he believes was unlawfully seized as a result of those proceedings. He faces several hurdles that he cannot overcome.

First and foremost, although Mr. Pellegrino has presented this matter as a removal, it was not, in fact, removed from the City Court of Buffalo, or any state or local court. Indeed, a search reveals that the criminal matters that he seeks to "remove" are no longer active cases. *See* NY State Unified Ct. System Case Search, https://iapps.courts.state.ny.us/webcivil/ecourtsMain at "WebCriminal" ("WebCriminal provides information on pending criminal cases with future appearance dates for selected New York State Courts of criminal jurisdiction.") (last visited Dec. 16, 2022). Mr. Pellegrino cannot remove cases that are no longer active; indeed, such matters must be removed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," 28 U.S.C. § 1455(b)(1), and according to Mr. Pellegrino's own exhibits, he was arraigned nearly a year and a half ago. Consequently, he is now foreclosed from removing those criminal actions.

Second, even if he could still remove those actions, a defendant is required to "file [for removal] in the district court of the United States for the district and division within which such prosecution is pending." 28 U.S. Code § 1455. As the underlying actions were not pending in the District of Columbia, they may not be removed to this court. The only appropriate jurisdiction for removal would have been the United States District Court for the Western District of New York.

Third, Mr. Pellegrino has attempted to proceed with this matter, at least in part, or at most entirely, on behalf of an estate and/or trust. But, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. As an artificial entity, a trust cannot proceed in federal court without licensed counsel. *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121 (EGS), 2020 WL 109056 at *4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust");

*see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889 at *2 (D.D.C. May 4, 2015) (a litigant proceeding *pro se* "cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney"), citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003) and *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994). In addition, Mr. Pellegrino has explicitly filed the pending IFP motion on behalf of the "Mark Pellegrino Trust," however, an artificial entity cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993).

Finally, in essence, Mr. Pellegrino has attempted to open a civil matter by filing motions without a complaint, which he may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint and not by motion"), citing Fed. R. Civ. P. 3; *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]"), citing Fed. R. Civ. P. 3.

In short, plaintiff is asking a federal court in Washington, D.C. to intervene in a criminal matter in state court in New York, and this court has no power to do so. Consequently, this case is dismissed, and all of the pending motions are denied. A separate order accompanies this memorandum opinion.

AMY BERMAN JACKSON
United States District Judge

Date: December 21, 2022